# UNITED STATES DISTRICT COURT

| CENTRAL | DISTRICT OF | ILLINOIS |
|---|---|---|

FILED
MAR 21 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA

v.

HERIBERTO MARTINEZ-CARRANZA
and HECTOR MILLAN-FLORES

**CRIMINAL COMPLAINT**

CASE NUMBER: 05-3020-m

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about March 18, 2005 in Sangamon county, in the Central District of Illinois defendant(s) did, (Track Statutory Language of Offense)

knowingly and in reckless disregard of the fact that aliens had come to, entered and remained in the United States in violation of law, did transport, move and attempt to transport and move said aliens within the United States by means of transportation and otherwise in furtherance of such violation of law,

in violation of Title 8 United States Code, Section(s) 1324(a)(1)(A)(ii).

I further state that I am a(n) ICE Special Agent and that this complaint is based on the following
                                    Official Title
facts:

See attached Affidavit.

Continued on the attached sheet and made a part hereof:    X   YES _____ NO

s/ Tom D. Merchant
Signature of Complainant

Sworn to before me and subscribed in my presence, on

March 18, 2005  3:36pm                  at  Springfield, Illinois
Date                                        City and State

Byron G. Cudmore, U.S. Magistrate Judge       s/ Byron G. Cudmore
Name and Title of Judicial Officer            Signature of Judicial Officer

STATE OF ILLINOIS            )
                             ) ss
COUNTY OF SANGAMON )

## AFFIDAVIT

I, Tom D. Merchant, Special Agent, U.S. Immigration and Customs Enforcement, being duly sworn upon oath, depose and state as follows:

1. I am a Senior Special Agent with U.S. Immigration and Customs Enforcement (ICE), and have been so employed since March 1, 2003. I was previously employed by the U.S. Immigration and Naturalization Service for more than twenty-three years;

2. In my employment, I am assigned to investigate alleged violations of immigration laws, including activities which constitute transportation of illegal aliens;

3. This affidavit is made in support of a criminal complaint against Heriberto MARTINEZ-Carranza and Hector MILLAN-Flores;

4. On March 18, 2005, at approximately 5:50 a.m., I received a telephone call from ICE Resident Agent in Charge Gregory Archambeault who informed me that a vehicle had been stopped by Illinois State Police near milepost 90 on Interstate 55 nortbound in Springfield, Illinois and the vehicle contained several individuals who were believed to be undocumented aliens;

5. On March 18, 2005, at approximately 6:10 a.m., I arrived at the scene of the vehicle stop. Illinois State Trooper Jarod Ingebrigsten stated that he had stopped a green 1993 Chevrolet Suburban for improper lane usage and subsequently for a defective windshield. The vehicle was driven Heriberto MARTINEZ-Carranza and it was subsequently discovered that the vehicle was co-driven by Hector MILLAN-Flores. Trooper Ingebrigsten stated that none of the seventeen (17) occupants of the vehicle were conversant in the English language so Sangamon County Deputy Sheriff Adrian Guerrero was called to the scene to act as an interpreter. Deputy Guerrero determined that the seventeen (17) occupants of the vehicle were undocumented aliens.

I confirmed that the occupants were undocumented Mexican citizens. There were passengers seated on the floor of the vehicle and in the rear cargo area and there were plastic jugs of what appeared to be urine in the vehicle;

6. The seventeen (17) occupants of the vehicle were transported to the ICE office in Springfield, Illinois for administrative processing and further investigation. After receiving his rights per Miranda and his consular communication rights pursuant to Article 36 of the Vienna Convention on Consular Affairs in the Spanish language, and waiving his Miranda rights, MARTINEZ admitted that he knew that his passengers were illegal aliens. MARTINEZ stated that he had paid unknown smugglers $2,200.00 to unknown smugglers to be smuggled from the border to Chicago via Phoenix. MARTINEZ stated that he was sharing the driving with Hector MILLAN-Flores because he had a Mexican driver's license. MARTINEZ stated that the unknown smuggler who provided the vehicle, also provided a cellular telephone so he could call MARTINEZ after arrival in Chicago to make arrangements to retrieve the vehicle. After receiving his rights per Miranda and his consular communication rights pursuant to Article 36 of the Vienna Convention on Consular Affairs in the Spanish language, and waiving his Miranda rights, MILLAN admitted that he knew that the passengers were illegal aliens. MILLAN stated that he crossed the border with four friends and they got lost in the desert for three days. They met another group of ten individuals in the desert, and the guide of that group offered to smuggle MILLAN to Chicago for $1,000.00. MILLAN was transported to an unknown residence in Phoenix where he claims that he spent three days with more than thirty (30) individuals, including MARTINEZ. MILLAN stated that an unknown smuggler arrived at the load house with the vehicle and when MILLAN and MARTINEZ got into the vehicle there were already fifteen (15) passengers in the vehicle. MILLAN stated that people were kept in various rooms at the load house and that he was not sure if the group was kept in the same house.

MILLAN stated that he and MARTINEZ took turns driving because MILLAN had a Mexican driver's license. MILLAN stated that the unknown smuggler gave him $600.00 for expenses during the trip.

7. The passengers of the vehicle were interviewed. Several of the passengers stated that they crossed the border together. They paid varying amounts of money to unknown smugglers in Phoenix and were going to pay additional money to the drivers of the vehicle upon arrival at their destinations. They were guided across the border by unknown smugglers and transported to a load house in Phoenix. They stated that the first time they met MARTINEZ and MILLAN was when the vehicle arrived at the load house in Phoenix to pick them up. These passengers stated that MARTINEZ and MILLAN were the only drivers of the van and that each driver drove about half of the trip. These passengers stated that the male passengers were not allowed to leave the vehicle during the thirty-three hour trip from Phoenix and they had to urinate in plastic jugs. The females were allowed to use the restroom once during the trip;

8. Heriberto MARTINEZ-Carranza and Hector MILLAN-Flores did knowingly or in reckless disregard of the fact that aliens had come to, entered or remained in the United States in violation of law, transport or move, or attempted to transport or move such aliens within the United States by means of transportation or otherwise in furtherance of such violation of law. These alleged acts are in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii). These alleged violations occurred in Sangamon County, within the Central District of Illinois.

9. Further Your Affiant Sayeth Not.

s/ Tom D. Merchant

Tom D. Merchant, Special Agent
U.S. Immigration and Customs Enforcement

Subscribed and sworn to before me
on this 18th day of March, 2005.   3:36pm

s/ Byron G. Cudmore
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE